```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x   NOT FOR PRINT OR
                                                              ELECTRONIC PUBLICATION
YAKOV SLEPOY,

                    Plaintiff,                                MEMORANDUM
                                                              AND ORDER
        -against-

ELLEN KLIGER,                                                 10-CV-1888 (ARR)

                    Defendant.
----------------------------------------------------------x
----------------------------------------------------------x
YAKOV SLEPOY,

                    Plaintiff,

        -against-                                             10-CV-1889 (ARR)

IRINA SIMKHOVICH,

                    Defendant.
----------------------------------------------------------x
```

ROSS, United States District Judge:

On April 27, 2010, plaintiff Yakov Slepoy, appearing *pro se*, filed these two civil actions against defendants Kliger and Simkhovich. The court grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaints are dismissed for lack of subject matter jurisdiction.

## Background

In the first action against defendant Ellen Kliger, plaintiff states:

> There was no appraisal of the house before its sale. The price was reduced $250000 below the market price. Taxes were not paid. Destruction of much furniture, belongings, cloth, and other possession. The house was resold, resoled twice for zero dollars and zero cents. Documents included.

Slepoy v. Kliger, No. 10-CV-1888 (ARR), Compl. at ¶ III (misspellings and grammatical errors in original). Plaintiff seeks the return of the house located at 2658 Batchelder Avenue, Brooklyn, New York to him, "justice, [and] monetary compensation." Id. at ¶ IV. In addition to the brief statement of claim recited above, plaintiff includes correspondence to various public officials and media, an undated letter to Judge Spodek, Supervising Judge, Civil Court, Kings County regarding the property at issue, court documents related to rent arrears by a tenant residing at the property and documents from the Office of the City Register. Compl., Unmarked Exhibits.

In the second action against defendant Irina Simkhovich, plaintiff states:

> Defendant was my wife during the purchase of the house in 1994. The house was purchased on the plaintiff's money and the money of plaintiff's family, who gave $30000. Defendant sold the house illegally and without plaintiff's consent. There was no appraisal of the house before its sale. The price was reduced $250000 below the market price, and taxes were not paid.

Slepoy v. Simkhovich, No. 10-CV-1889 (ARR), Compl. at ¶ III. Plaintiff seeks the return of the house located at 2658 Batchelder Avenue, Brooklyn, New York to him, "justice, [and] monetary compensation." Id. at ¶ IV. In addition to the statement recited above, plaintiff includes correspondence written on his behalf to the state courts, documents related to plaintiff's attempt to obtain a mortgage on the property at issue in 2005, but which never closed, and the same undated letter to Judge Spodek referred to above. Compl., Unmarked Exhibits.

## Standard of Review

In reviewing each complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the

*in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

## Discussion

Although plaintiff does not provide a basis for the court's jurisdiction,[1] see Compls. at ¶ II, liberally construing each complaint and its submissions, it appears that plaintiff brings these actions against defendants Kliger and Simkhovich over the sale of real property located in Kings County without his consent.

A.  No Subject Matter Jurisdiction

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. (citing Bell v. Hood, 327 U.S. 678, 681-685 (1946)). Plaintiff's allegations against either defendant do not suggest a basis for this court's subject matter jurisdiction.

---

[1] Plaintiff's failure to cite to the proper statute is not fatal to his complaints as long as his allegations suggest a basis for this Court's subject matter jurisdiction.

3

Plaintiff has not alleged diversity of citizenship in either complaint as all the parties reside in New York. See Compls. ¶ I. "In the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quotation omitted). Plaintiff has failed to allege or even suggest a federal question arising over his real property disputes with his ex-wife defendant Simkhovich or with the subsequent buyer of the property, defendant Kliger. Instead, plaintiff's claims arise under state law and it appears from the submissions attached to the complaints that plaintiff has attempted, although unsuccessfully, to litigate against these defendants in state court.

## Conclusion

Accordingly, these two complaints, filed *in forma pauperis*, are dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Any state law claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied in each action for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: May 11, 2010
Brooklyn, New York